**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| HOMER THOMAS, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 3:13-CV-127-G (BF)** |
| | § | |
| WELLS FARGO BANK, N.A., et al., | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the District Court referred this removed civil action to the United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for consideration are the motions to dismiss filed by (1) Defendant Brice, Vander Linden & Wernick, P.C. ("BVW") (doc. 10) and (2) Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Mortgage Electronic Registration Systems, Inc. ("MERS") (doc. 9). Notwithstanding this Court's order allowing Plaintiff additional time to respond to the motions, Plaintiff failed to file a response. For the following reasons, this Court recommends that the District Court GRANT the motion to dismiss filed by Wells Fargo and MERS and DENY AS MOOT the motion to dismiss filed by BVW.

**Background**

This case arises out of foreclosure proceedings initiated by Wells Fargo against the real property located at 606 Linkcrest Drive, Duncanville, Texas 75137 (the "Property"). (Doc. 9; Defs.' Mot. To Dismiss ¶ 1.) On August 21, 2001, Plaintiff obtained a mortgage loan and executed a promissory note (the "Note") in favor of First Union Mortgage Corporation ("First Union") for the sum of $163,826.00. (Pl.'s Am. Compl. ¶¶ 11-12.) In addition to the Note, Plaintiff and his wife also executed a Deed of Trust, which conveyed a security interest in the Property to First Union and its

successors and named MERS as the beneficiary, as nominee for First Union and its successors and assigns.[1] (Doc. 6; App. to Defs.' Mot. to Dismiss, Ex. 2.) Thereafter, MERS assigned the mortgage loan to Wells Fargo. (Pl.'s Am. Compl. ¶ 15, Ex. A.)

On November 6, 2012, Wells Fargo sold the Property at a non-judicial foreclosure sale. (Doc. 9; Defs.' Mot. to Dismiss ¶ 1.) Subsequently, Plaintiff challenged the foreclosure by filing an Original Complaint: Application for Permanent Injunction and Request for Disclosure ("Original Complaint") against defendants Wells Fargo, MERS, and BVW (collectively referred to as "Defendants") in the 162nd Judicial District Court of Dallas County, Texas. (Doc. 1; Defs.' Notice of Removal, Ex. A.) Defendants Wells Fargo and MERS thereafter removed the case to this Court based on diversity jurisdiction, which was premised upon BVW being fraudulently joined in the lawsuit.[2] (*Id.* at ¶¶ 10-21.) On February 7, 2013, Plaintiff filed his First Amended Complaint ("Amended Complaint"), which is now the live pleading in this case, pursuant to this Court's Pretrial Scheduling Order. (Doc. 8.) Plaintiff's Amended Complaint names Wells Fargo and MERS as defendants, but makes no mention of BVW in the pleading.

## <u>Jurisdiction</u>

As a threshold matter, this Court must first address whether diversity jurisdiction exists. Although not contested by Plaintiff, this Court has a duty to examine its own subject matter

---

[1] Wells Fargo and MERS included a copy of the Deed of Trust in an appendix which was filed along with their initial motion to dismiss. The motion to dismiss pending before this Court references and cites to that appendix. This Court will consider the documents attached to the motion to dismiss because they are central to Plaintiff's claims and are referenced in Plaintiff's complaints. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

[2] BVW consented to the removal. (*Id.*, Ex. D.)

jurisdiction. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583-84 (1999). Jurisdiction must exist at the time the notice of removal is filed. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). In their Notice of Removal, Wells Fargo and MERS claim that diversity jurisdiction exists because BVW was fraudulently joined in the lawsuit and, thus, its Texas citizenship should be disregarded for diversity purposes.[3] (Defs.' Notice of Removal ¶ 11.) It is undisputed that Wells Fargo and MERS are not citizens of Texas while Plaintiff is a citizen of Texas. (*See id.;* Pl.'s Orig. Compl. ¶¶ 5-7.)

To establish improper joinder, the party seeking removal must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citation omitted). Under the second prong, which is the relevant inquiry in this case, the court must examine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. "If no reasonable basis of recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed fraudulent, unless that showing compels dismissal of all defendants." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). The Fifth Circuit has explained that the standard to be utilized in examining a claim of improper joinder is similar to that of a Federal Rule of Civil Procedure 12(b)(6)-type analysis.

---

[3] The Court notes that Wells Fargo and MERS refer to the doctrine as "fraudulent joinder," however, the Fifth Circuit has held that it prefers to use the term "improper joinder." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004).

*Smallwood*, 385 F.3d at 573; *Campbell v. Stone Ins. Inc.,* 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross v. Citifinancial, Inc*., 344 F.3d 458, 461 (5th Cir. 2003)).

Wells Fargo and MERS claim that Plaintiff has no possibility of establishing a cause of action against BVW because BVW is "merely a representative and/or agent of Wells Fargo Bank, N.A., who was acting only in that capacity as attorney for the anticipated foreclosure sale . . . ." (Defs.' Notice of Removal ¶ 11.) Wells Fargo and MERS further contend that any claims Plaintiff may have would be against Wells Fargo, as the real party in interest, and not BVW. (*Id.)*

A lawyer is immune for actions that are "within the bounds of the law." *Martinez v. Wells Fargo Bank, N.A.*, No. SA-12-CV-789-XR, 2013 WL 1562759, at *10 (W.D. Tex. Apr. 12, 2013) (quoting *Mendoza v. Fleming,* 41 S.W.3d 781, 787 (Tex.App.-Corpus Christi 2001, no pet.)) (internal quotation marks omitted). In Plaintiff's Original Complaint, he contends that BVW may not invoke immunity because it knowingly participated in the "perpetration of a fraudulent or unlawful act" and "fraudulently initiated foreclosure and court proceedings" against Plaintiff. (Pl.'s Orig. Compl. ¶ 14.) These allegations are conclusory, however, and Plaintiff fails to allege facts which would demonstrate that BVW would not be immune from liability. Furthermore, the remaining allegations in Plaintiff's Original Complaint do not specifically allege a cause of action against BVW, but instead refer to "Defendants." Plaintiff fails to allege conduct which is specifically attributed to BVW and, thus, Plaintiff has no reasonable basis for recovering on any claims against BVW. Accordingly, the Court finds that BVW was improperly joined and its citizenship should be disregarded for diversity purposes.[4] *See Martinez,* 2013 WL 1562759, at *10 (finding foreclosure

---

[4] The Court notes that it appears that Plaintiff acknowledges that BVW was improperly joined because Plaintiff removed BVW from the style of the case, as well as all references to BVW, in Plaintiff's Amended Complaint.

counsel improperly joined where plaintiff's only specific allegation against the firm was conclusory and plaintiff failed to allege facts suggesting that the firm would not be immune from liability).

BVW should be dismissed from this lawsuit and its motion to dismiss should be denied as moot. *See Moreno Energy, Inc. v. Marathon Oil Co.,* No. H-11-4518, 2012 WL 3205618, at *8 (S.D. Tex. Aug. 3, 2012) (where non-diverse party found to be improperly joined, defendant is dismissed, and any motion made by it is moot); *Adams v. Chase Bank,* No. 3:11-CV-3085-M, 2012 WL 2122175, at *3 (N.D. Tex. May 11, 2012), *rec. adopted,* 2012 WL 2130907 (N.D. Tex. June 12, 2012) (same). This Court has diversity jurisdiction over the matter and, thus, will now turn to the motion to dismiss filed by Wells Fargo and MERS.

### Standard of Review

FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id*. (citing *Twombly*, 550 U.S. at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *id*. at n.3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 127 S.Ct. at 1964-65. Factual allegations must be sufficient to raise a

right to relief above the speculative level. *Id.*

In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court generally cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it. *Collins*, 224 F.3d at 498. However, documents included with a defendant's motion to dismiss may be considered by the court if they are central to the plaintiff's claim and are referenced in the complaint. *Id.* at 498-99.

## Analysis

Plaintiff brings his Amended Complaint pursuant to the Texas Declaratory Judgments Act, TEX. CIV. PRAC. & REM. CODE § 37.001 *et seq*. The Texas Act typically does not apply to removed actions, however, because the case has been removed, this Court can construe the action as being brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. *See Jones v. Deutsche Bank Nat'l Trust Co.*, No. 3:12-CV-3929-L, 2013 WL 3455716, at *10 (N.D. Tex. July 9, 2013) (citations omitted). Regardless, a declaratory judgment does not create any substantive rights or causes of action, but instead is merely a procedural device. *Carter v. Bank of Am., N.A.*, No. 3:12-CV-4550-B, 2013 WL 1482610, at *3 (N.D. Tex. Apr. 9, 2013) (citation omitted). Thus, a request for declaratory relief is construed as a theory of recovery, which is dependent upon another cause of action. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996).

Plaintiff seeks a declaratory judgment declaring that MERS, as nominee for the lender, had

6

no rights to transfer the Note, therefore, the assignment of the Note to Wells Fargo was not proper and did not vest Wells Fargo with the authority to enforce the Note. (Pl.'s Am. Compl. ¶¶ 22-23.) Among other things, Wells Fargo and MERS counter that Plaintiff lacks standing to challenge the assignment made by MERS. (Defs.' Mot. to Dismiss ¶ 10.)

Numerous federal district courts in Texas have held that a plaintiff lacks standing to challenge an assignment if the plaintiff is not a party to the assignment. *See, e.g., Eskridge v. Fed. Home Loan Mortg. Corp.,* No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011) (holding the plaintiff had no standing to challenge the assignment of the Note or the Deed of Trust because she was not a party to the assignments). However, more recently, some district courts in Texas have recognized that "[a] debtor has standing to challenge an assignment on any ground which renders the assignment void, but may not defend on any ground which renders the assignment voidable only." *Rivera v. CitiMortgage, Inc.*, No. 3:12-CV-3404-D, 2013 WL 1294009, at *2 (N.D. Tex. Apr. 1, 2013) (quoting *Tri-Cities Constr., Inc. v. Am. Nat'l Ins. Co.,* 523 S.W.2d 426, 430 (Tex.Civ.App.– Houston [1st Dist.] 1975, no writ)) (internal quotation marks omitted). *See also Puente v. CitiMortgage, Inc.*, No. 3:11-CV-2509-N, 2012 WL 4335997, at *6 (N.D. Tex. Aug. 29, 2012) (distinguishing between void and voidable assignments when analyzing whether one can challenge an assignment to which one is not a party); *Kramer v. Fed. Nat'l Mortg. Ass'n,* No. A-12-CA-276-SS, 2012 WL 3027990, at *4-5 (W.D. Tex. May 15, 2012) (same).[5]

In this case, the issue of standing is inconsequential because even if Plaintiff has standing to

---

[5] The Court notes that another exception has been recognized by some district courts in Texas, wherein a defendant who has been sued on a negotiable instrument may have standing to assert claims and defenses held by others. *See, e.g., Kramer,* 2012 WL 3027990, at **4-5. However, this exception is clearly inapplicable in this matter as Plaintiff has not alleged that any of the defendants have sued him on the promissory note. *See id.*

contest the assignment, his contention still fails as a matter of law. The Court will first address MERS' authority under the Deed of Trust. Plaintiff concedes that MERS was named the beneficiary and nominee for First Union in the Deed of Trust. (Pl.'s Am. Compl. ¶ 18.) Indeed, the Deed of Trust names MERS the beneficiary, and nominee for First Union, and grants MERS the power to sell the Loan and the power to foreclose on the Property upon default. (Doc. 6; App. to Defs.' Mot. to Dismiss, Ex. 2.) The Fifth Circuit recently found that under Texas law, MERS has the authority to assign a deed of trust. *Martins v. BAC Home Loans Servicing, L.P.*, No. 12-20559, 2013 WL 3213633, at *2 (5th Cir. June 26, 2013) ("Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable). *See also Wigginton v. Bank of New York Mellon*, No. 3:10-CV-2128-G, 2011 WL 2669071, at *3 (N.D. Tex. July 7, 2011), *aff'd*, 488 Fed. App'x 868 (5th Cir. 2012) (explaining that if a deed of trust provides for the power of sale then a party to that deed of trust has such authority); *Richardson v. CitiMortgage, Inc.*, No. 6:10-CV-119, 2010 WL 4818556, at *5 (E.D. Tex. Nov. 22, 2010) (finding that MERS had the authority to transfer the rights and interests in the deed of trust because MERS was the nominee for the lender and its successors and assigns). Here, MERS was named the nominee for the lender and its successors and assigns, and was granted the power of sale in the Deed of Trust. Thus, MERS had the authority to assign the Deed of Trust to Wells Fargo and Wells Fargo, thereby, obtained all rights and interests in the Deed of Trust, including the right to foreclose on the Property.

Plaintiff contends that MERS lacked the authority to assign the Note to Wells Fargo. (Pl.'s Am. Compl. ¶ 21.) However, when MERS transferred the Deed of Trust to Wells Fargo, the Note was transferred as well. Courts in the Fifth Circuit have consistently held that the deed of trust automatically transfers the debt, which is evidenced by the promissory note, thus rejecting the "split

the note" theory. *Willeford v. Wells Fargo Bank, N.A.*, No. 3:12-CV-0448-B, 2012 WL 2864499, at *3 (N.D. Tex. July 12, 2012) (explaining that the Deed of Trust has no legal effect without the Note so a transfer of the Deed of Trust automatically transfers the Note); *Valdez v. Fed. Home Loan Mort. Corp.,* No. 3:11-CV-1363, 2011 WL 7068386, at *2 (N.D. Tex. Nov. 28, 2011) ("When a note is transferred from one mortgage to another, the interest in the subject deed of trust goes along with it."); *Malikyar v. BAC Home Loans Servicing, LP*, No. 4:11-CV-417, 2011 WL 5837262, at *5 (E.D. Tex. Oct. 28, 2011) ("A transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions."); *Cruz v. CitiMortgage, Inc.,* No. 3:11-CV-2871-L, 2012 WL 1836095, at *3 (N.D. Tex. May 21, 2012) (rejecting the split the note theory because there was no merit to plaintiffs' argument that the deed of trust and note were "split").

Plaintiff's request for declaratory relief cannot stand on its own. Because Plaintiff's requested declarations are based on unfounded legal theories, Plaintiff has failed to allege any valid claims against Wells Fargo or MERS.[6] Therefore, the remedy of a declaratory judgment is inappropriate and Plaintiff's declaratory judgment action should be dismissed.[7] *See Carter,* 2013 WL 1482610, at *3

---

[6] The Court notes that Plaintiff additionally seeks this Court to declare that Wells Fargo is in violation of a settlement agreement that it entered into with the United States Attorney General in April 2012. (Pl.'s Am. Compl. ¶¶ 14, 24.) However, Plaintiff's request is groundless and this Court lacks the authority to make such declaration.

[7] Plaintiff additionally seeks court costs and litigation expenses in his Amended Complaint. However, since Plaintiff has failed to allege any substantive claims, his request for costs and expenses should also be dismissed. *See Carter,* 2013 WL 1482610, at *3. Furthermore, since Plaintiff did not file a response to the motions to dismiss or request to amend his pleadings, the Court finds that Plaintiff pled his best case and providing leave to amend would be futile and unnecessary. *See Cruz v. CitiMortgage, Inc.,* No. 3:11-CV-2871-L, 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012) (finding plaintiffs pled their best case, and not affording them leave to amend, where no response to the motion to dismiss was filed or a request to amend their

9

(dismissing plaintiff's declaratory judgment requests where plaintiff failed to allege any viable causes of action).

### Recommendation

For the foregoing reasons, this Court recommends that the District Court dismiss BVW from this action because it was improperly joined and **DENY AS MOOT** the motion to dismiss filed by BVW (doc. 10). The Court further recommends that the District Court **GRANT** the motion to dismiss filed by Wells Fargo and MERS (doc. 9) and dismiss Plaintiff's claims against these defendants with prejudice.

**SO RECOMMENDED**, July 16, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

pleadings).

10

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).